```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA

YVONNE GRANDJEAN, as Daughter and next of  )
kin to JOHN MCCARTHA, deceased, BRUCE      )
MCCARTHA and ETHEL TEETER,                 )
                                           )
              Plaintiff,                   )
                                           )
vs.                                        ) No. CIV-11-131-FHS
                                           )
UNITED STATES OF AMERICA, ex. rel. UNITED  )
STATES POSTAL SERVICE,                     )
                                           )
              Defendant.                   )
```

## ORDER

Before the court for its consideration is defendant United States of America's Motion For Summary Judgment and Brief in Support (Doc. #29). This is an action brought pursuant to the Federal Tort Claims Act. Plaintiffs seek to impose liability on defendant by alleging the United States Postal Service (USPS) was negligent when contractor Gary Don Lemmons, through his employee James Lemmons, rear-ended a car driven by the Plaintiff Ethel Teeter in which Bruce McCartha and John McCartha were passengers. In its motion, defendant argues plaintiffs' injuries were not caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of their employment. Plaintiff responded that it should not be possible for citizens of this country to be injured as a result of the delivery of the U.S. Mail and someone not be held financially responsible. Plaintiffs also argue this court should look to the Interstate Common Carrier Act to decide this case.

**STANDARD FOR SUMMARY JUDGMENT**

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 ( c) See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The moving party has the burden of demonstrating the absence of a genuine issue of fact.  Celotex v. Catrett, 477 U.S. 317, 325 (1986).  If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).  The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to those dispositive matters for which [it] carries the burden of proof."  Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248).  In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party.  Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir.

1991).  This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at 249.  With these standards in mind, the court turns to the merits of the defendant's motion.

## Factual Findings

The court finds the facts as follows. The United States Postal Service "USPS" uses independent contractors to supply the mail delivery services for the United States mail in some parts of the United States, particularly in rural areas.  These contractors are referred to as Highway Contract Route Suppliers "HCR Supplier".  Highway Contract Routes were previously called Star Routes.  Gary Lemmons was awarded HCR Contract No. 74932, Contract for Regular Services by the USPS for a four year term beginning December 1, 2007, and ending on March 31, 2011.  Gary Lemmons, as an HCR Supplier, was required to perform transportation services to the customers and all other related services as outlined in Section B.3 of the Contract.  Gary Lemmons was paid monthly based upon a per annum rate.  By the express terms of the Contract between the USPS and Gary Lemmons, employees of the USPS are ineligible to become suppliers.  The Terms and Conditions applicable to Gary Lemmons Highway Contract Route states that no proposal for a contract shall be considered unless the offeror (Gary Lemmons) submitting it can assure either personal or representative supervision over the operation of the route and can be easily contacted in the event of emergencies, to give personal or representative attention to the problem at hand. Pursuant to the terms of the Contract, Gary Lemmons supplied his own vehicle to deliver the mail.  Gary Lemmons did not use the USPS's mail delivery vehicles, as do employees of the USPS.

Under the <u>Liability for Equipment Damage and Repairs</u> provision of Gary Lemmon's contract Lemmons was solely liable for loss or damage to his equipment.  Under the <u>Liability for Equipment Damage and Repairs</u> provision of the Contract, the supplier is solely responsible for all repairs to and maintenance of its equipment utilized in the performance of the contract.  Pursuant to the <u>Insurance Requirements</u> terms of the Contract, Gary Lemmons was required to establish and maintain continuously in effect a policy of liability insurance for all motor vehicles to be used under the Contract. On or about November 3, 2009, the USPS's Southwest Area Transportation Contracts Office was provided with a copy of an insurance policy for Gary Lemmons insured through State Farm Fire and Casualty Company, Policy No. 1349611-E03-36 reflecting that he had coverage in effect from November 3, 2009, through May 3, 2010.  Gary Lemmons was issued a Form 1099 annually for payments made under the contract by the USPS.  HCR Suppliers are not issued W-2 Forms.  Taxes were not withheld from Gary Lemmons monthly check.  The USPS did not provide Workman's Compensation benefits for Gary Lemmons as it does for employees of the USPS.  Gary Lemmons was not eligible for retirement benefits from the USPS.  Gary Lemmons was not entitled to participate in or receive federal government benefits such as the Thrift Savings Plan as are employees of the USPS.  Gary Lemmons was not entitled to annual or sick leave from the USPS.  Gary Lemmons could subcontract responsibilities under the contract. Under the terms of his contract, Gary Lemmons had the contractual authority under his Contract to hire his own employees as relief drivers to help deliver the mail or fulfill his requirements under his contract.  James Lemmons worked for Gary Lemmons.  On the day of the accident, James Lemmons was the driver of the vehicle transporting USPS mail under Gary Lemmons' contract. James Lemmons was not hired by the USPS nor was he paid by the

USPS.

First, it should be noted plaintiffs failed to properly object to the material facts as set forth by defendant in its motion.  Defendant listed 29 material facts in its Motion for Summary Judgment, to which Defendant contended their was no dispute.  The only response the plaintiff makes to the defendant's Statement of Material Facts is: "In response to the defendant's Statement of Material Facts as to Which There is No Genuine Dispute, Plaintiffs dispute any alleged facts that purport to establish an independent contractor relationship between Gary Lemmons and the USPS.  All other material facts are admitted." The Local Rules for the Eastern District of Oklahoma provide:

> the response brief in opposition to a motion for summary judgment (or partial summary judgment) shall begin with a section which contains a concise statement of material facts as to which the party asserts genuine issues of fact exist. Each fact in dispute shall be numbered, shall refer with particularity to those portions of the records upon which the opposing party relies, and, if applicable, shall state the numbered paragraphs of the movant's fact that are disputed. All material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party. LCVR Rule 56.1 ©.

Further, F.R.C.P. 56 (e) provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56 © the court may....(2) consider the fact undisputed for purposes of the motion.

Plaintiffs have failed to properly support their response

5

with admissible evidence as required by F.R.C.P. 56.  Plaintiffs were required to specifically dispute the individual facts which they failed to do.  Any fact not specifically controverted by Plaintiffs is deemed admitted.  As a result, the court finds all the facts in the Defendant's Motion for Summary Judgment are deemed admitted.  F.R.C.P. 56.

In the Motion for Summary Judgment filed by defendant it argues that under the Federal Tort Claims Act the government is only liable for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment...."  Thus, defendant argues the negligent act was not done by an employee of the defendant but rather was done by James Lemmons who was working for Gary Lemmons.

This action is brought under the Federal Tort Claims Act "FTCA".  The FTCA is a limited waiver of sovereign immunity which makes the federal government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment.  28 U.S.C. Sec. 2675 (a).  The language of 28 U.S.C. Sec. 1346 (b) provides that injuries caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment..." are covered by the act.  The FTCA defines government employees as those including officers and employees of "any federal agency" but specifically excludes "any contractor with the United States." 28 U.S.C. Sec. 2671. As a result, the general statutory rule or principle under the FTCA is "The United States is not liable for the negligence of a government contractor." <u>United States v. Orleans</u>, 425 U.S. 807 (1976)and <u>Lurch v. United States</u>, 719 F.3d 333, 336 (10th Cir.

1983).

Whether one is a governmental employee or an independent contractor under the FTCA is a question of federal law. Loque v. United States, 412 U.S. 521, 526-527 (1973) and Autery v. United States, 424 F.3d 944, 957 (9th Cir. 2005). The power of the federal government to "control the detailed physical performance of the contractor" is the critical factor in making this distinction. Curry v. United States, 97 F.3d 412, 414 (10th Cir. 1996). Furthermore, the court should focus on "whether the government supervises the day-to-day operations of the individual." Id.

In Lilly v. Fieldstone, 876 F.2d 857, 859 (10th Cir. 1989), the Tenth Circuit Court of Appeals, provided seven factors to consider in determining whether an individual is an independent contractor: (1) intent of the parties; (2) whether the United States controls only the end result or may also control the manner and method of reaching the result; (3) whether the person uses his own equipment or that of the United States; (4) who provides liability insurance; (5) who pays social security taxes (6) whether federal regulations prohibit federal employees from performing such contracts; and (7) whether the individual has authority to subcontract to others.

The undisputed facts reveal the intent of the parties was for Gary Lemmons to be an independent contractor. It is undisputed that the USPS use independent contractors to supply mail delivery services for the United States mail. Gary Lemmons was hired as an HCR supplier. By the express terms of the contract between the USPS and Gary Lemmons, employees of the USPS are ineligible to become suppliers. Thus, Gary Lemmons could not

be an employee of the USPS by the mere terms of the contract. The contract also reveals an intent for Gary Lemmons to be an independent contractor.  In the Terms and Conditions provision applicable to Gary Lemmons' contract it specifically states that no proposal for a contract shall be considered unless the offeror (Gary Lemmons) submitting it can assure either personal or representative supervision over the operation of the route and can be easily contacted in the event of emergencies, to give personal or representative attention to the problem at hand. This further demonstrates that Gary Lemmons was an independent contractor in that is shows the intent of the parties that Gary Lemmons was to personally supervise the route or was permitted to do so by representation.

It also appears the USPS had little control over how Gary Lemmons delivered the mail.  There was no supervision by the USPS of the day to day operations of the contractor, Gary Lemmons, as required by Lurch v. U.S., 719 F.2d 333, 337 (10th Cir. 1983). The defendant did not control the detailed physical performance of the services rendered by Gary Lemmons.  This is a critical factor in the decision of making the determination of whether a contractual relationship is that of an independent contractor. Loque at 528.

The facts also indicate the equipment being used by the defendant Lemmons was his own.  Pursuant to the terms of the Contract, Gary Lemmons, supplied his own vehicle to deliver the mail. Gary Lemmons did not use the USPS's mail delivery vehicles as do employees of the USPS.  Under the Liability for Equipment Damage and Repairs provisions of Gary Lemmons' contract, Gary Lemmons was solely liable for loss or damage for his equipment. It further states that Lemmons was solely responsible for all

repairs to and maintenance of his equipment used in the performance of his contract.  He was required to keep the equipment used in the performance of the contract in sound working condition.  The undisputed fact shows that Gary Lemmons provided and maintained all the equipment used in the performance of the contract.  This fact supports the conclusion that Gary Lemmons was an independent contractor.

The court must also look at who carries the liability insurance.  Gary Lemmons, and not the USPS, was required to establish and maintain continuously in effect a policy or policies of liability insurance for all motor vehicles to be used under the Contract.

The court must also look at whether social security is taken from a check.  HCR Suppliers are issued a Form 1099 annually for payments made under the contract.  Social Security taxes were not withheld from Gary Lemmons monthly check.  In addition, Gary Lemmons was not issued a W-2 Form and no taxes were withheld from his monthly check.  Gary Lemmons was not eligible for any retirement benefits from the USPS. In addition, Gary Lemmons was not eligible for participation in the federal government's Thrift Saving Plan.

Further, the terms of the contract expressly prohibited employees of the USPS to become suppliers for mail delivery services. By the terms of the contract, Gary Lemmons cannot be an employee of the USPS.  Finally, the court must look to the contract to see if subcontracting was allowed under the contract. Gary Lemmons' Contract allows subcontracting.  Gary Lemmons also had the ability under his Contract to hire his own employees as relief drivers to help deliver the mail or fulfill his

9

requirements under his contract.  On the date of the accident, James Lemmons was the driver of the vehicle transporting USPS mail.  James Lemmons was not hired by the USPS nor was he paid by the USPS.  James Lemmons worked for Gary Lemmons.  It was Gary Lemmons' responsibility to pay compensation directly to his employees and to withhold taxes and amounts for social security benefits for the work performed under any agreement.  Applying the seven factors in Lilly to the facts at issue, this court finds that Gary Lemmons is an independent contractor.

   Plaintiffs argued this court should look to the Interstate Common Carrier Act to decide this case.  Plaintiffs argue that under this act a private carrier cannot avoid liability by delegating their delivery duties to independent contractors.  Plaintiffs are requesting this court to follow that legislative act.  However, this is a FTCA case not a case under the Interstate Common Carrier Act.  The court cannot apply the law of the Interstate Common Carrier Act to a FTCA case.  Defendant Gary Lemmons was not working as an interstate carrier but rather he had a contract with the USPS to deliver mail.  According to the general statutory rule or principle under the FTCA "The United States is not liable for the negligence of a government contractor." United States v. Orleans, 425 U.S. 807 (1976).  The court has found Gary Lemmons was an independent contractor.  It is undisputed that the injuries in this case were caused by James Lemmons who was working for Gary Lemmons the day of the accident.  Thus, since the injuries were caused by an independent contractor the USPS is not liable for the injuries in this case.

   Accordingly, defendant's motion for summary judgment (Doc. 29) is hereby granted.

**IT IS SO ORDERED** this 17th day of May, 2012.

                                                                                         _/s/ Frank H. Seay_
                                                                                         Frank H. Seay
                                                                                         United States District Judge
                                                                                         Eastern District of Oklahoma